IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEIHINAHINA SULLIVAN,<br><br>Plaintiff,<br><br>vs.<br><br>RENEAU KENNEDY, Ed.D. CLINICAL & FORENSIC PSYCHOLOGY, et al.; JOHN & JANE DOES 1-100,<br><br>Defendants. | CIVIL NO. 21-00235 JAO-RT<br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION AND MOTION TO REQUEST IFP APPLICATION |

**ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION AND MOTION TO REQUEST IFP APPLICATION**

Before the Court is pro se Plaintiff Leihinahina Sullivan's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application"), filed on May 18, 2021.[1]  ECF No. 4.  For the following reasons, the Court

---

[1] Plaintiff was not incarcerated at the time she initiated this action and filed her IFP Application, but she has since been detained.  Due to her incarceration, Plaintiff filed a Motion to Request Application to Proceed In Forma Pauperis by a Prisoner.  ECF No. 7.  It is unclear whether she is requesting that the form application be provided to her, or whether she is effectively amending her IFP Application to reflect her change in status.  In any case, the Motion is denied because a request for a form application will be moot and the Court is screening her Complaint in connection with her IFP Application.  Moreover, insofar as

(continued . . .)

DISMISSES the Complaint and DENIES the IFP Application and Motion to Request Application to Proceed In Forma Pauperis by a Prisoner.

## BACKGROUND

This action arises out of the disclosure of Plaintiff's psychological records to Assistant U.S. Attorney Rebecca Perlmutter ("AUSA Perlmutter") in connection with Plaintiff's competency examination in Criminal No. 17-00104 JMS-KJM, *United States v. Sullivan*.  ECF No. 1 (Compl.) ¶ 1.  In *United States v. Sullivan*, Chief Judge J. Michael Seabright appointed Defendant Dr. Reneau Kennedy ("Defendant") as the examining psychologist to conduct Plaintiff's competency examination.[2]  Crim. No. 17-00104 JMS-KJM, ECF No. 1018.  Defendant obtained Plaintiff's psychological records from Dr. Ethan Pien, Plaintiff's treating psychiatrist, which Defendant then transcribed into the Final Competency Report ("Report").  Compl. ¶¶ 2, 9.  According to Plaintiff, Defendant's transcription of her records into the Report and subsequent transmission of the Report via email to multiple recipients, including AUSA Perlmutter, violated Plaintiff's Fourth

---

(. . . continued)
Plaintiff was not a prisoner when she filed this lawsuit, the Court does not treat her as one for IFP purposes.  *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner *shall* be required to pay the full amount of a filing fee." (emphasis added)).

[2]  Plaintiff describes Defendant as a contractor for Chief Judge Seabright.  Compl. ¶ 22.

Amendment, Fourteenth Amendment, and privacy rights. *Id.* ¶ 9. Plaintiff asserts a single count in her Complaint: violation of her privacy by disclosing confidential medial records to AUSA Perlmutter over Plaintiff's objection. *Id.* at 6. Plaintiff requests damages and attorneys' fees and costs. *Id.* at 7.

## DISCUSSION

A.  **Dismissal of the Complaint under the In Forma Pauperis Statute — 28 U.S.C. § 1915(e)(2)**

Plaintiff seeks leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and shall dismiss the complaint if it appears from the face of the proposed complaint that the action: "([1]) is frivolous or malicious; ([2]) fails to state a claim on which relief may be granted; or ([3]) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal

Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted) "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted).

In the present case, even construing Plaintiff's Complaint liberally as it must, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court finds that dismissal is appropriate because Defendant is immune from monetary relief.

Plaintiff alleges that Defendant, a private individual she identifies as a contractor of Chief Judge Seabright, violated her constitutional rights. To the

extent Plaintiff treats Defendant as a federal actor, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is implicated. "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (citation omitted). *Bivens* is "a 'more limited' 'federal analog' to [42 U.S.C.] § 1983." *Hernandez v. Mesa*, 589 U.S. __, 140 S. Ct. 735, 747 (2020) (citation omitted). "[A]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (internal quotation marks and citation omitted).

Courts are tasked with determining whether to recognize a *Bivens* claim,[3] but the Court need not engage in this analysis because the Complaint is subject to

---

[3] *Bivens* involved federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. The Supreme Court has expanded this implied cause of action on only two occasions since. *See Davis v. Passman*, 442 U.S. 228 (1979) (providing a damages remedy under the Fifth Amendment's Due Process Clause in a suit for gender discrimination assistant against a Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (providing a damages remedy under the Eighth Amendment's Cruel and Unusual Punishment Clause for federal prison officials' failure to provide adequate medical treatment). "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. __, 137 S. Ct. 1843, 1855 (2017). "[E]xpanding the *Bivens* remedy is now a 'disfavored'
(continued . . .)

---

(. . . continued)
judicial activity." *Id.* at __, 137 S. Ct. at 1857 (citation omitted). This comports with the Supreme Court's consistent refusal "to extend *Bivens* to any new context or new category of defendants." *Id.* (internal quotation marks and citation omitted).

The Supreme Court has articulated a two-step test for determining when courts should recognize a *Bivens* claim. First, the court asks, "whether a case presents a new *Bivens* context." *Id.* at __, 137 S. Ct. at 1859. "If the case is different in a meaningful way from previous *Bivens* cases decided by th[e Supreme] Court, then the context is new." *Id.* The following non-exhaustive list of differences may be "meaningful enough to make a given context a new one":

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at __, 137 S. Ct. at 1859–60. If the answer is "no," further analysis is unnecessary. *See Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018).

If the answer is "yes," the court moves to step two, under which it may only extend *Bivens* in a new context if two conditions are satisfied. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). "First, 'the plaintiff must not have any other adequate alternative remedy.'" *Id.* (citation omitted). Second, there can be no "'special factors' counselling hesitation in the absence of affirmative action by Congress." *Abbasi*, 582 U.S. at __, 137 S. Ct. at 1857 (some internal quotation marks and citations omitted). This inquiry focuses on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at __, 137 S. Ct. at 1857–58. A "special factor counselling hesitation" is therefore one that causes "a court to hesitate before answering that question in the affirmative." *Id.* at __, 137 S. Ct. at 1858.

6

dismissal.  This is so even assuming Defendant engaged in federal action, *see Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1337–38 (9th Cir. 1987) (A defendant's private status "will not serve to defeat a *Bivens* claim, provided that the defendant engaged in federal action."); *see also Vega*, 881 F.3d at 1153, because Defendant is entitled to immunity.

"Under the doctrine of quasi-judicial immunity, absolute judicial immunity may be 'extended to certain others who perform functions closely associated with the judicial process.'" *Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n*, 125 F. Supp. 3d 1051, 1074 (D. Haw. 2015) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)), *aff'd*, 950 F.3d 610 (9th Cir. 2020).  Here, Defendant was appointed by Chief Judge Seabright to conduct a competency examination of Plaintiff in her criminal case.  The allegations against Defendant occurred in connection with Defendant's appointment and preparation and transmission of the Report.  Court-appointed psychologists and psychiatrists who perform court-ordered evaluations enjoy quasi-judicial immunity.  *See Doe v. Arizona*, 240 F. App'x 241 (9th Cir. 2007) (affirming dismissal of the claims against a doctor who performed court-ordered evaluations because he was entitled to quasi-judicial immunity (citing *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam))); *Xoss v. County of Los Angeles*, CV 12-1400 PSG (RZx), 2013 WL 11324011, at *2 (C.D. Cal. May 22, 2013) ("The Ninth Circuit has held

that a court-appointed psychiatrist has quasi-judicial immunity from damages liability for acts committed 'in the performance of an integral part of the judicial process,' such as preparing and submitting medical reports[.]" (citations omitted)); *cf. Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (in the *Bivens* context, applying absolute quasi-judicial immunity from damages for civil rights violations to court clerks "when they perform tasks that are an integral part of the judicial process" (citations omitted)).

Where, as here, the Court finds that quasi-judicial immunity applies, § 1915(e)(2)(B)(iii) mandates dismissal. *See Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016); *Stribling v. Matherly*, No. 2:18-cv-01086 CKD P, 2018 WL 6042782, at *2 (E.D. Cal. Nov. 19, 2018) ("[P]laintiff's complaint must be dismissed because it 'seeks monetary relief from a defendant who is immune from such relief.'" (quoting 28 U.S.C. § 1915A(b)(2)). Accordingly, the Complaint is DISMISSED. Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Because absolute and qualified immunity provide "immunity from suit rather than a mere defense to liability," *Chavez*, 817 F.3d at 1168 (internal quotation marks and citation omitted), amendment would be futile. The dismissal is therefore without

leave to amend. In light of the dismissal, the Court DENIES Plaintiff's IFP Application and Motion to Request IFP Application.

**CONCLUSION**

Based on the foregoing, Plaintiff's Complaint is DISMISSED and her IFP Application and Motion to Request IFP Application are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, June 10, 2021.

Jill A. Otake
United States District Judge

Civil No. 21-00235 JAO-RT, *Sullivan v. Kennedy*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION AND MOTION TO REQUEST IFP APPLICATION

9