IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LEIHINAHINA SULLIVAN, | CIVIL NO. 21-00235 JAO-RT |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION AND MOTION TO REQUEST IFP APPLICATION |
| vs. | |
| RENEAU KENNEDY, Ed.D. CLINICAL & FORENSIC PSYCHOLOGY, et al.; JOHN & JANE DOES 1-100, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION AND MOTION TO REQUEST IFP APPLICATION**

On June 10, 2021, the Court issued an Order (1) Dismissing Complaint and (2) Denying IFP Application and Motion to Request IFP Application ("Order"). ECF No. 8. Judgment entered the same day. ECF No. 9. Pro se Plaintiff Leihinahina Sullivan ("Plaintiff") now seeks reconsideration of the Order. The Court shall decide the matter without a hearing pursuant to Local Rule 7.1(d). For the following reasons, the Court DENIES Plaintiff's Motion for Reconsideration. ECF No. 11.

# BACKGROUND

This action arises out of the disclosure of Plaintiff's psychological records to Assistant U.S. Attorney Rebecca Perlmutter ("AUSA Perlmutter") in connection with Plaintiff's competency examination in Criminal No. 17-00104 JMS-KJM, *United States v. Sullivan*. ECF No. 1 (Compl.) ¶ 1. In *United States v. Sullivan*, Chief Judge J. Michael Seabright appointed Defendant Dr. Reneau Kennedy ("Defendant") as the examining psychologist to conduct Plaintiff's competency examination.[1] Crim. No. 17-00104 JMS-KJM, ECF No. 1018. Defendant obtained Plaintiff's psychological records from Dr. Ethan Pien, Plaintiff's treating psychiatrist, which Defendant then transcribed into the Final Competency Report ("Report"). Compl. ¶¶ 2, 9. According to Plaintiff, Defendant's transcription of her records into the Report and subsequent transmission of the Report via email to multiple recipients, including AUSA Perlmutter, violated Plaintiff's Fourth Amendment, Fourteenth Amendment, and privacy rights. *Id.* ¶ 9. Plaintiff asserts a single count in her Complaint: violation of her privacy by disclosing confidential medial records to AUSA Perlmutter over Plaintiff's objection. *Id.* at 6. Plaintiff requests damages and attorneys' fees and costs. *Id.* at 7.

---

[1] Plaintiff describes Defendant as a contractor for Chief Judge Seabright. Compl. ¶ 22.

The Court dismissed the Complaint without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) on the basis that Defendant was entitled to quasi-judicial immunity given that the allegations against her related to her appointment and preparation and transmission of the Report. ECF No. 8 at 7–8.

## DISCUSSION

Plaintiff argues that the Court committed manifest error or law or fact, thereby entitling her to reconsideration. Although Plaintiff has not cited any rules, Federal Rule of Civil Procedure ("FRCP" or "Rule") 60(b)(6), which provides relief from final judgments, orders, or proceedings for any reason justifying relief, is applicable. Rule 60(b) reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Sierra Club, Haw. Chapter v. City & County of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence."). "[A] movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019) (some internal quotation marks and citations omitted).

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, there are no extraordinary circumstances justifying the reopening of judgment. Plaintiff has not demonstrated that she is entitled to reconsideration, nor has she set forth facts or law of strongly convincing nature to compel reversal of the Order. The Motion contains a lengthy recitation of the procedural history in Plaintiff's criminal case, which Plaintiff cites as evidence that Defendant

intentionally violated court orders and exceeded the scope of her authority. According to Plaintiff, Defendant is not entitled to quasi-judicial immunity because her conduct fell outside the parameters of her duty.

A review of the criminal docket[2] reveals that Defendant's purported violations of Chief Judge Seabright's Orders never occurred. In fact, Plaintiff has repeatedly sought leave[3] to file motions regarding Defendant's alleged misconduct. Crim. No. 17-00104 JMS-KJM, ECF Nos. 1108, 1149. Chief Judge Seabright has found Plaintiff's arguments so lacking in merit or inappropriate that he denied her requests. *Id.*, ECF No. 1112 ("Defendant continues to violate court rules by filing frivolous motions raising arguments previously addressed by the court. Further, even as alleged (and as previously stated in the court's prior order), such conduct would not warrant dismissal of the indictment. (citations omitted)); ECF No. 1151 at 2 ("But, as has been true many times before, Defendant raises nothing new and continues to relitigate issues previously considered by the court."). Because there is no indication that Defendant exceeded the scope of her appointment or violated court orders, even construing the Complaint liberally, the Court did not err in dismissing the Complaint based on Defendant's entitlement to quasi-judicial

---

[2] The Court also reviewed the docket before dismissing the Complaint.

[3] Plaintiff is prohibited from filing motions (with the exception of motions in limine) without first obtaining leave of court in her criminal case because the motions deadline passed. Crim. No. 17-00104 JMS-KJM, ECF No. 393.

immunity. Plaintiff clearly disagrees with the Order, but mere disagreement does not warrant reconsideration.

This is not a forum for Plaintiff to challenge or seek reconsideration of Chief Judge Seabright's rulings in her ongoing criminal case. Indeed, Plaintiff has had ample opportunity to present challenges in those proceedings and she has acted so abusively and vexatiously that Chief Judge Seabright has repeatedly admonished that her continued abuses will result in the imposition of sanctions, including revocation of her pro se status. *Id.*, ECF No. 1151 at 6.

For these reasons, Plaintiff's Motion is DENIED.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration. ECF No. 11.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, June 23, 2021.

Jill A. Otake
United States District Judge

Civil No. 21-00235 JAO-RT, *Sullivan v. Kennedy*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION AND MOTION TO REQUEST IFP APPLICATION

6